UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                              )<br>            Plaintiff,                       )<br>                                                              )<br>       v.                                               )<br>                                                              )<br>MICHAEL L. ZEPF; PATRICIA A. ZEPF;  )<br>HENRY A. PYNE; DOROTHY J. PYNE; and )<br>TOWN OF YORK, MAINE,              )<br>                                                              )<br>            Defendants.                 ) | Case No. _____ |

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

Plaintiff United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403, brings this civil action to enforce the federal tax liens associated with the federal income tax liabilities of Michael L. Zepf and Patricia A. Zepf against certain real properties in Maine.   For its Complaint, the United States alleges as follows:

**JURISDICTION, PARTIES, AND PROPERTY**

1.	The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.	Defendant Michael L. Zepf is the true owner of the properties located in York County, Maine, which are the subject matter of this Complaint and within the jurisdiction of this Court.

3.	Defendant Patricia A. Zepf is named as a party to this action as required by 26 U.S.C. § 7403(b) because she may claim an interest in the properties upon which the United States seeks to enforce its liens.

4. Defendant Henry A. Pyne is named as a party to this action as required by 26 U.S.C. § 7403(b) because he may claim an interest in the properties upon which the United States seeks to enforce its liens.

5. Defendant Dorothy J. Pyne is named as a party to this action as required by 26 U.S.C. § 7403(b) because she may claim an interest in the properties upon which the United States seeks to enforce its liens.

6. Defendant Town of York, Maine, is joined as a party to this action as required by 26 U.S.C. § 7403(b) because it may claim an interest in the properties upon which the United States seeks to enforce its liens, and to place it on notice of this Court's jurisdiction over the properties such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the properties may not be sold under other procedures during the pendency of this action.

7. The real properties upon which the United States seeks to enforce its tax liens (the "Properties") are described in paragraphs 8 and 9.

8. The first real property upon which the United States seeks to enforces its tax liens (the "19 Syklark Property") is located at 19 Skylark Lane, York, ME 03909, Tax Map 32, Lot 40, which is located in York County and which is within the jurisdiction of this Court, and has a legal description as follows:

> A certain lot or parcel of land and improvements thereon situated at York Beach, in the Town of York, in the County of York, and State of Maine, on the northeasterly side of Skylark Lane (formerly known as Weston Avenue), bounded and described as follows:
>
> Beginning on the northeasterly side of Skylark Lane at an iron hub set in the ground at a point 60 feet northwesterly from the northwesterly corner of land formerly of Cyrus H. MacFadzen and Cornelia M. MacFadzen by deed dated August 6, 1959, now or formerly of Shirley A. Putney (see York County Registry of Deeds Book 2154, Page 526), and

>Thence running northwesterly by the northeasterly side of said Skylark Lane 40 feet to an iron hub set in the ground;
>
>Thence running northeasterly by land now or formerly of Steven W. and Alice C. Atwood, 100 feet to an iron hub set in the ground;
>
>Thence running southeasterly by land now or formerly of Richard K. Hayes, Trustee, 40 feet to an iron hub set in the ground; and
>
>Thence running southwesterly by other land formerly of Dorothy J. Pyne and now of Patricia A. Zepf, 100 feet to said Skylark Lane and the point of beginning.
>
>Together with a right-of-way over said Skylark Lane in common with other owners of land in this vicinity until such time as said road shall be taken over and maintained by the Town of York; subject to the right and privilege to Central Maine Power Company to construct and maintain a line of poles and wires for the transmission of electricity to dwellings, etc., in this vicinity, in the road area in front of said parcel of land and along other parcels of land now or formerly belonging to Roger R. Norton and Paul M. Norton.
>
>Prior Deed Reference:   Meaning to describe the property conveyed by Henry A. Pyne to Michael L. Zepf by Warranty Deed dated November 21, 2008, and recorded with the York County Registry of Deeds as document number 2008052547, at Book 15524, Page 0697-0698, on November 24, 2008.

9. The second real property upon which the United States seeks to enforces its tax liens (the "17 Syklark Property") is located at 17 Skylark Lane, York, ME 03909, Tax Map 32, Lot 41, which is located in York County and which is within the jurisdiction of this Court, and has a legal description as follows:

>A certain lot or parcel of land together with the buildings and improvements thereon including a Hallmark Mobile Home, Model 117, having serial No. 379502, situated at York Beach, in the Town of York, in the County of York, and State of Maine, on the northeasterly side of Skylark Lane, formerly known as Weston Avenue, and bounded and described as follows:
>
>Beginning on the northeasterly side of said Skylark Lane at the northwesterly corner of land formerly of Cyrus P. MacFadzen and Cornelia M. MacFadzen, now or formerly of Shirley A. Putney;
>
>Thence running northwesterly by the northeasterly side of Skylark Avenue 60 feet to an iron hub set in the ground;
>
>Thence running northeasterly by land formerly of Henry A. Pyne, now of Michael

L. Zepf, 100 feet to an iron hub set in the ground;

Thence running southeasterly by land now or formerly of Robert and Lorraine Lafleur, Trustees of the Lafleur Family Trust, 60 feet to an iron hub set in the ground at land of Putney;

Thence running southwesterly by said land of Putney 100 feet to said Skylark Lane and the point of beginning.

Together with a right of way over said Skylark Avenue in common with other owners of land in this vicinity, until such time as said road shall be taken over and maintained by the Town of York; subject to the right and privilege of the Central Maine Power Company to construct and maintain a line of poles and wires for the transmission of electricity to dwellings, etc., in this vicinity, in the road area in front of said parcel of land and along other parcels of land formerly belonging to the said Roger R. Norton and Paul M. Norton.

Prior Deed Reference:   Meaning to describe the property conveyed by Dorothy J. Pyne to Patricia A. Zepf by "Warranty Deed" dated November 21, 2008, and recorded with the York County Registry of Deeds as document number 2008052545, at Book 15524, Page 0693-0694, on November 24, 2008.

**THE UNITED STATES' TAX LIENS AGAINST MICHAEL L. ZEPF AND PATRICIA A. ZEPF**

10.     The United States incorporates by reference paragraphs 1 through 9 as if specifically realleged herein.

11.     On March 29, 2024, the United States filed a civil action against Defendant Michael L. Zepf and Defendant Patricia A. Zepf in the United States District Court for the District of Massachusetts, Case No. 1:24-cv-10811 ("the Massachusetts Zepf Case").

12.     As alleged in the Massachusetts Zepf Case, Defendant Michael L. Zepf has unpaid federal income tax liabilities arising from the tax periods ending December 31, 2001, December 31, 2002, December 31, 2010, and December 31, 2011, which the United States is seeking to reduce to judgment, in the amount of $333,232.76 as of March 22, 2024, plus statutory additions accruing from and after March 22, 2024; and Defendant Michael L. Zepf and Defendant Patricia A. Zepf have unpaid joint federal income tax liabilities arising from the tax

periods ending December 31, 2017, December 31, 2018, and December 31, 2019, which the United States is seeking to reduce to judgment, in the amount of $143,399.90 as of March 22, 2024, plus statutory additions accruing from and after March 22, 2024.

**ACTION TO ENFORCE FEDERAL TAX LIENS**

13. The United States incorporates by reference paragraphs 1 through 12 as if specifically realleged herein.

14. Because Defendant Michael L. Zepf and Defendant Patricia A. Zepf have neglected, refused, or failed to pay the liabilities described in paragraph 12 (and more fully described in the Massachusetts Zepf Case) after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Properties.

15. In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien ("NFTL") securing the income tax liabilities described in paragraph 12 were recorded with the South Middlesex County Registry of Deeds, Commonwealth of Massachusetts, as set forth below:

    a) A NFTL securing the income tax liabilities described in paragraph 12 for the tax periods ending December 31, 2001, December 31, 2002, and December 31, 2010, was recorded on June 26, 2012, at Book 59374, Page 150. Although the liens described in the NFTL released because the IRS filed a Certificate of Release of Federal Tax Lien following the IRS's acceptance of an offer in compromise, the release was revoked by a Revocation of Certificate of Release of Federal Tax Lien recorded on September 28, 2023, at Book 82044, Page 276, and the liens were thereby reinstated. A NFTL was re-filed on December 12, 2023, at Book 82302, Page 574; and,

      b) A NFTL securing the income tax liabilities described in paragraph 12 for the tax period ending December 31, 2011, was recorded on November 8, 2012, at Book 60443, Page 70. Although the lien described in the NFTL released because the IRS filed a Certificate of Release of Federal Tax Lien following the IRS's acceptance of an offer in compromise, the release was revoked by a Revocation of Certificate of Release of Federal Tax Lien recorded on September 28, 2023, at Book 82044, Page 277, and the lien was thereby reinstated. A NFTL was re-filed on December 12, 2023, at Book 82302, Page 574;

16. In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien ("NFTL") securing the income tax liabilities described in paragraph 12 were recorded with the York County Registry of Deeds, Maine, as set forth below:

      a) A NFTL securing the income tax liabilities described in paragraph 12 for the tax periods ending December 31, 2001, December 31, 2002, December 31, 2010, and December 31, 2011, was recorded on December 12, 2023, at Book 19360, Page 450; and,

      b) A NFTL securing the income tax liabilities described in paragraph 12 for the tax periods ending December 31, 2017, December 31, 2018, and December 31, 2019, was recorded on January 17, 2024, at Book 19376, Page 214.

17. The United States is entitled to enforce the federal tax liens described in paragraphs 14, 15, and 16 against the Properties pursuant to 26 U.S.C. § 7403 and to have the entire Properties sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Properties; second, to the Town of York, Maine, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C.

§ 6323(b)(6); and third, to the United States to pay the liabilities described above in paragraph 12 (and more fully described in the Massachusetts Zepf Case), except to the extent that the Court determines that another party has a superior right, title, claim, lien, or interest.

### A RESULTING TRUST APPLIES TO THE 17 SKYLARK PROPERTY

18. The United States incorporates by reference paragraphs 1 through 17 as if specifically realleged herein.

19. A resulting trust applies to the 17 Skylark Property such that the United States shall be entitled to enforce the federal tax liens arising from the liabilities of Defendant Michael L. Zepf described in paragraph 12 (and more fully described in the Massachusetts Zepf Case) against the 17 Skylark Property, even though record title to the 17 Skylark Property is purportedly held by "Patricia A. Zepf" alone.

20. A resulting trust arises by implication of law when the purchase money is paid by one person out of his own money, and the land is conveyed to another. Here, Defendant Michael L. Zepf provided the purchase money to purchase the 17 Skylark Property, but the land was conveyed to "Patricia A. Zepf."

21. Further, Defendant Michael L. Zepf's treatment of a purported mortgage on the 17 Skylark Property reinforces the conclusion that a resulting trust applies. On November 24, 2008, a purported "Mortgage Deed" was recorded in the York County Registry of Deeds at Book 15524, Page 0695-0696, in connection with the purported "Warranty Deed" to the 17 Skylark Property. The "Mortgage Deed" purports to grant mortgage covenants to Defendants Henry A. Pyne and Dorothy J. Pyne, who are the parents of Defendant Patricia A. Zepf and the parents-in-law of Defendant Michael L. Zepf. To the extent any mortgage payments towards this

purported mortgage have been paid, those payments have been made by Defendant Michael L. Zepf.

### PATRICIA A. ZEPF HOLDS BARE LEGAL TITLE TO THE 17 SKYLARK PROPERTY AS A NOMINEE OF MICHAEL L. ZEPF

22. The United States incorporates by reference paragraphs 1 through 21 as if specifically realleged herein.

23. Defendant Michael L. Zepf is the true owner of the 17 Skylark Property.

24. Defendant Patricia A. Zepf holds bare legal title to the 17 Skylark Property as a nominee of Defendant Michael L. Zepf.

25. Defendant Michael L. Zepf provided his own personal funds to fund the purchase the 17 Skylark Property, and to the extent mortgage payments have been made on the purported mortgage described in paragraph 21, those payments were made by Defendant Michael L. Zepf from his own personal funds.

26. Defendant Michael L. Zepf enjoys the benefits of the 17 Skylark Property and holds himself out as the purchaser of it.

27. In 2008, Defendant Michael L. Zepf arranged to have his parents-in-law (Henry A. Pyne and Dorothy J. Pyne) transfer record title to the 17 Skylark Property into the name of the Pyne's daughter, Patricia A. Zepf.   Defendant Michael L. Zepf made such arrangements because, at the time of the transfer, Defendant Michael L. Zepf had accrued substantial unpaid federal tax debts, even though those debts were not yet assessed, because he knew that he had not filed federal tax returns for several years, that he would owe taxes, and that the IRS was a creditor of him, but not his wife.   Defendant Michael L. Zepf was alone liable for these debts at the time of the 2008 transfer of record title.

28. Therefore, knowing that his tax liabilities would be assessed against him upon the filing of the delinquent returns, but not his wife, Defendant Michael L. Zepf arranged for and implemented a plan to have the 17 Skylark Property transferred into the name of "Patricia A. Zepf" even though Defendant Michael L. Zepf paid for the property and is the true owner of it.

29. Indeed, not long after November 2008, Defendant Michael L. Zepf, in January 2011, late-filed several years' worth of previously unfiled tax returns, resulting in the IRS assessing tax liabilities against him for several hundred thousand dollars, as described more fully in the Massachusetts Zepf Case.

30. As a result of the fact that Defendant Patricia A. Zepf holds bare legal title to the 17 Skylark Property as a nominee, trustee, and/or agent of Defendant Michael L. Zepf, the true and equitable owner of the property, the United States is entitled to enforce the federal tax liens arising from the liabilities of Defendant Michael L. Zepf described in paragraph 12 (and more fully described in the Massachusetts Zepf Case) against the 17 Skylark Property, even though record title to the 17 Skylark Property is held by Patricia A. Zepf alone.

**Michael Zepf Fraudulently Transferred Title to the 17 Skylark Property to Patricia Zepf**

31. The United States incorporates by reference paragraphs 1 through 30 as if specifically realleged herein.

32. Defendant Michael L. Zepf arranged for the transfer of the 17 Skylark Property from his mother-in-law, Dorothy J. Pyne, to his wife (and Dorthy J. Pyne's daughter), Patricia A. Zepf, with actual intent to hinder, delay or defraud a creditor of him, the IRS.

33. Defendant Michael L. Zepf's actual intent is shown by the following, as well as additional facts to be discovered:

    a) The transfer was to his wife, an insider;

b) Michael L. Zepf retained possession and control of the property, including but not limited to the fact that, to the extent mortgage payments were paid on the purported mortgage, he paid them from his own personal funds, and he holds himself out as the purchaser of the property;

c) The transfer was concealed because Michael L. Zepf had title transferred into his wife's name and had her sign the "Mortgage Deed";

d) Before the transfer was made, Michael L. Zepf had accrued tax debt by realizing income and failing to file federal tax returns as explained in paragraphs 27, 28, and 29;

e) Michael L. Zepf received no consideration from his wife when he paid for the 17 Skylark Property and had record title put into her name alone;

f) Michael L. Zepf was insolvent or became insolvent shortly after the transfer was made as shown by the fact that he was not paying his taxes and he defaulted on the offer-in-compromise he had made to the United States Department of Treasury, Internal Revenue Service to settle his tax debts by failing to keep up with the required payments, as explained more fully in the Massachusetts Zepf Case; and,

g) The transfer occurred shortly before substantial tax debt was revealed by way of the IRS assessing hundreds of thousands of dollars in tax liabilities against him as explained in paragraphs 27, 28, and 29.

34. Alternatively, Defendant Michael L. Zepf, without receiving reasonably equivalent value in exchange for his providing the funds to purchase the 17 Skylark Property and the transfer of record title into Patricia A. Zepf's name:

      a) Was engaged in a transaction for which his remaining assets were unreasonably small in relation to the value of the 17 Skylark Property; or

      b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as the debts became due, as shown by the fact that the purported mortgage has barely been paid down since inception (the original mortgage amount in November 2008 was about $120,000, and, now, over 15 years later, the balance is purportedly about the same).

35. As a result of the fact that Defendant Michael L. Zepf fraudulently transferred legal title to the 17 Skylark Property to Patricia A. Zepf, the United States shall be entitled to enforce the federal tax liens arising from the liabilities of Defendant Michael L. Zepf described in paragraph 12 (and more fully described in the Massachusetts Zepf Case) against the 17 Skylark Property, even though record title to the 17 Skylark Property is purportedly held by Patricia A. Zepf alone.

### THE PURPORTED MORTGAGES ON THE PROPERTIES ARE FRAUDULENT TRANSFERS AND/OR NOT VALID SECURITY INTERESTS

36. The United States incorporates by reference paragraphs 1 through 35 as if specifically realleged herein.

37. The purported mortgage on the 17 Skylark Property, as described in paragraph 21, as well as a purported mortgage on the 19 Skylark Property, as described in paragraph 38, (the "Purported Mortgages") are both fraudulent transfers within the meaning of the Maine Uniform Fraudulent Transfer Act, Chapter 504, §§ 3571-3582, and should be set aside such that the United States' recovery of the proceeds of the sales of these Properties will not be decreased by the Purported Mortgages.

38. On November 24, 2008, a purported "Mortgage Deed" was recorded in the York County Registry of Deeds at Book 15524, Page 0699-0700, in connection with the "Warranty Deed" to the 19 Skylark Property. The "Mortgage Deed" purports to grant mortgage covenants to Defendants Henry A. Pyne and Dorothy J. Pyne, who are the parents of Defendant Patricia A. Zepf and the parents-in-law of Defendant Michael L. Zepf. To the extent any mortgage payments towards this purported mortgage have been paid, those payments have been made by Defendant Michael L. Zepf. This purported mortgage has barely been paid down since inception (the original mortgage amount in November 2008 was about $30,000, and, now, over 15 years later, the purported balance is about the same).

39. The Purported Mortgages were fraudulent transfers for the grounds alleged and the allegations of fact set forth in paragraphs 32-34, and because:

   a) The Purported Mortgages are not valid mortgages nor security interests within the meaning of 26 U.S.C. § 6323 and therefore they enjoy no priority over the liens of the United States;

   b) Michael L. Zepf and Patricia A. Zepf lacked a reasonable ability to pay off the debt;

   c) The Purported Mortgages lack any specific terms, conditions, clauses, or specifically enumerated covenants that are typically included in a legitimate mortgage, including that they do not state an interest amount, do not state an amount of regular payment due, do not set forth a payment schedule, and do not have any payment provisions or requirements.

40. As a result of the fact that the Purported Mortgages held by Henry A. Pyne and Dorothy J. Pyne are not valid under 26 U.S.C. § 6323 and/or that they are fraudulent transfers,

the purported grant of mortgage covenants set forth in the Purported Mortgages do not encumber the Properties, and the United States should be entitled to enforce its liens against Defendant Michael L. Zepf's interest in the Properties, which interest should not be reduced by or encumbered by the Purported Mortgages.

WHEREFORE, Plaintiff United States of America requests the following relief:

A.     That the Court determine that the failure by any defendant other than Defendant Michael L. Zepf and Defendant Town of York, Maine, to timely plead a right, title, claim, lien or interest in the Properties shall result in a default being entered against that party, and a default judgment finding that said party has no right, title, claim, lien, or other interest in the Properties;

B.     An order enforcing the federal tax liens securing the liabilities described above in paragraph 12 (and more fully described in the Massachusetts Zepf Case) pursuant to 26 U.S.C. § 7403 against the Properties by ordering the sale of the entire Properties in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Properties; second, the Town of York, Maine, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the liabilities described above in paragraph 12 (and more fully described in the Massachusetts Zepf Case), except to the extent that the Court determines that another party has a superior right, title, claim, lien, or interest; and,

C.     The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

Demand for Jury Trial

Plaintiff United States of America demands a jury trial provided by Rules 38 and 39 of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

/s/ Joseph M. Kaufman
Joseph M. Kaufman
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 598-5508 /Fax: (202) 514-5238
Joseph.M.Kaufman@usdoj.gov

Local Counsel:
Darcie N. McElwee
U.S. Attorney, D. Maine